# Richmond.

Commonwealth, ex rel. v. Manchester and Richmond Free Bridge Co. and City of Manchester.

March 17, 1909.

1. Corporations—*Municipal—Public—Manchester and Richmond Free Bridge Company—Legislative Control—State Corporation Commission.* The Manchester and Richmond Free Bridge Company is neither a municipal corporation nor a public institution owned and controlled by the State, in contemplation of article XII of the Constitution of this State, and hence the General Assembly had no power to pass the act approved March 5, 1908, entitled: "An act to amend and re-enact sections 3, 4, 5 and 9, of an act approved April 2, 1902, entitled: 'An act to incorporate the Manchester and Richmond Free Bridge Company,' and granting certain powers to said company, and the city councils of the cities of Richmond and Manchester, for public purposes." This power is vested in the State Corporation Commission.

Error to a judgment of the Corporation Court of the city of Manchester upon a petition filed asking liberty "to file an information in the nature of a writ of *quo warranto."* Judgment for the defendant. Petitioners assign error.

*Reversed.*

The original act chartered the Free Bridge Company, defined its power and duties, and authorized the cities of Richmond and Manchester or either of them to guaranty its bonds. The act of 1908, passed after the present Constitution went into

effect, amended certain sections of the charter, but still retained the guaranty feature above mentioned. The constitutionality of the latter act was assailed on several grounds. Among them:

"Because the said act of March 5, 1908, is unconstitutional, null and void, as by section 156 (a), article XII of the Constitution of Virginia, the power and authority to create and establish such a corporation as said Manchester and Richmond Free Bridge Company is distinctly taken from the General Assembly and vested in the Corporation Commission of this State."

There was a demurrer to the petition which was sustained, and the petition dismissed.

The following is a copy of the order of dismissal:

"This day came again the parties, by their attorneys, and the court having maturely considered the various matters of law arising upon the demurrers interposed by the defendants, is of opinion as follows:

First. That the Manchester and Richmond Free Bridge Company was, under the terms of the original act of the General Assembly of April 2, 1902, distinctly a *public* corporation, municipal in its character, and that the General Assembly, therefore, had full inherent power, notwithstanding the provisions of article XII of the Constitution, to pass the amendatory act of March 5, 1908.

Second. That said act of March 5, 1908, is not an act in relation to the government of the city of Manchester, within the intent and meaning of section 117 of the Constitution.

Third. That the bonds of the Manchester and Richmond Free Bridge Company, if guaranteed by the city of Manchester under the terms of the aforesaid original and amendatory acts, will not constitute a part of the bonded indebtedness of the city of Manchester within the intent and meaning of section 127 of the Constitution.

Wherefore, it is considered, adjudged, and ordered that the said demurrers be sustained, that leave to file the information

against the defendants as prayed be denied, and that the petition of the relators be, and the same is hereby, dismissed with costs."

*David L. Pulliam,* for the plaintiff in error.

*Charles L. Page,* for the defendant in error.

By the Court:

This day came again the parties, by counsel, and the court having maturely considered the transcript of the record of the order aforesaid and arguments of counsel, is of opinion, that the Manchester and Richmond Free Bridge Company is neither a municipal corporation nor a public institution owned or controlled by the State in contemplation of article twelve of the Constitution of Virginia and that consequently the General Assembly had no power to pass the act approved March 5, 1908, entitled, "An act to amend and re-enact sections 3, 4, 5 and 9 of an act approved April 2, 1902, entitled: An act to incorporate the Manchester and Richmond Free Bridge Company, and granting certain powers to said company, and the city councils of the cities of Richmond and Manchester for public purposes."

And the court being further of opinion that the Corporation Court of the city of Manchester erred in sustaining the demurrer to the petition for a *quo warranto,* doth so decide and declare. It is therefore considered that the said order be reversed and annulled, and that the plaintiff in error recover of the defendants in error her costs by her expended in the prosecution of her writ of error and supersedeas aforesaid here.

And this court proceeding to enter such order as the said corporation court ought to have entered, it is considered that

the demurrer to the petition' be overruled and leave granted the relators to file the information against the defendants as prayed for; and the cause is remanded to the said corporation court for further proceedings not inconsistent with this order.

Which is ordered to be certified to the said corporation court.

*Reversed.*